1  BRIGGS LAW CORPORATION [FILE: 1586.02]
   Cory J. Briggs (State Bar no. 176284)
2  Mekaela M. Gladden (State Bar no. 253673)
   99 East "C" Street, Suite 111
3  Upland, CA 91786
   Telephone: 909-949-7115
4  Facsimile: 909-949-7121

5  Attorneys for Plaintiff FreePB.org

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| FREEPB.ORG, | ) CASE NO. **'11CV2192 JAH JMA** |
|---|---|
| Plaintiff, | ) |
| vs. | ) **COMPLAINT FOR VIOLATION OF THE FOURTEENTH AMENDMENT [42 U.S.C. § 1983]** |
| CITY OF SAN DIEGO, | ) |
| Defendant. | ) |

Plaintiff FREEPB.ORG alleges as follows:

**Parties**

1. Plaintiff FREEPB.ORG is a San Diego-based community group dedicated to preserving freedom at local parks and beaches.

2. Defendant CITY OF SAN DIEGO is a municipality organized and existing under the laws of the State of California.

3. Plaintiff is informed and believes and on that basis alleges that, at all times stated in this pleading, each Defendant was the agent, servant, or employee of each other Defendant and was, in doing the things alleged herein, acting within the scope of said agency, servitude, or employment and with the full knowledge or subsequent ratification of his or its principals, masters, and employers. Alternatively, in doing the things alleged herein, each Defendant was acting alone and solely to further his or its own interests.

**Background Information**

4. Plaintiff has held an event called "Leisure Olympics" in the past. In recent years, Plaintiff has not been able to obtain permission from the City of San Diego to hold the event at Mission Bay Park between Memorial Day and Labor Day.

5. Plaintiff applied for, but was not granted, a Special Event Permit for an amateur sports/recreational event to be held in 2009 at Crown Point South.

6. On April 22, 2010, Plaintiff filed a Special Event Permit Application for an amateur sports/recreational event to be held on July 31, 2010, at Crown Point South.

7. On June 15, 2010, Defendant sent an e-mail and explained that they do not issue Special Event Permits during the "Summer Moratorium, which begins the weekend of Memorial Day and goes through Labor Day." The e-mail further explained that the moratorium was reaffirmed by the Mission Bay Park Committee at its meeting on January 12, 2010.

8. San Diego Municipal Code ("SDMC") Section 26.30 establishes the Mission Bay Park Committee "to serve in an advisory capacity to the Park and Recreation Board, Mayor, City Council, and City Manager on policy issues relating to the acquisition, development, maintenance, and operation of Mission Bay Park."

9. The Mission Bay Park Committee has no legal authority of any kind to enact any legislation.

10. On June 22, 2010, Plaintiff caused a Special Event Request Application ("SERA") to be filed with Defendant.

11. On June 22, 2010, Defendant denied Plaintiff's SERA (*i.e.*, the one filed earlier in the day). Defendant's "decision to deny the SERA was based on not scheduling new Special events during the Summer Moratorium." The denial further indicated that all new special event requests must be presented to the appropriate Area Committee or Community Organization for review.

12. On June 30, 2010, Plaintiff filed an appeal of the denial of the SERA with Defendant's Park and Recreation Department.

13. On July 6, 2010, the Mission Bay Park Committee heard Plaintiff's request for a "new" special event. The Mission Bay Park Committee refused to recommend approval of the request solely because "new" Special Event Permits are not issued during the "Summer Moratorium."

14. On July 13, 2010, the appeal to the Public Safety and Neighborhood Services Committee was rejected. According to the rejection, the SDMC allows an appeal to the Public Safety and Neighborhood Services Committee of a denial of a Special Event Permit but not the denial of a park use permit.

15. On July 21, 2010, Defendant's Park and Recreation Department Director heard Plaintiff's appeal of the denial of the SERA and on July 26 issued a ruling denying the appeal.

16. The only reason ever provided to Plaintiff for denial of its request for a Special Event Permit was that Defendant has a policy against the issuance of "new" Special Event Permits during the "Summer Moratorium." At no time did Defendant ever conclude (and there is no evidence on which to base a conclusion) that Plaintiff's special event will require the exclusive use of beach or park area during any period between Memorial Day through Labor Day in a manner which will adversely impact upon the reasonable use or access to those areas by the general public; in fact, the amount of beach and park space to be occupied by Plaintiff's special event is less than the amount of beach and park space occupied by other special events that occur annually between Memorial Day and Labor Day (*e.g.*, the Rock and Roll Marathon, the Kai Elua Outrigger Races, and Old Mission Beach Athletic Club's Over the Line Tournament, among others). Furthermore, the request was not denied because of any defect in the contents or timeliness of Plaintiff's application for a Special Event Permit or the proposed activities for the special event.

17. On August 16, 2010, Plaintiff filed a SERA and a Facility and Park Use Permit application for new event, which did not involve the consumption of alcohol, to be held on July 30, 2011.

18. On August 16, 2010, Plaintiff also attempted to file a Special Event Permit Application for the July 30, 2011 event. A true and correct copy of the application is attached

1 hereto as Exhibit "Q." Defendant's Office of Special Events refused to mark the application as filed because Plaintiff did not yet have the approval of the Park and Recreation Department for the event.

19. On October 29, 2010, the Park and Recreation Department approved the Facility and Park Use Permit application for the July 30, 2011 event.

20. On November 2, 2010, Plaintiff was informed by letter that an approved SERA was not required for the July 30, 2011 event.

21. On November 16, 2010, Plaintiff was informed that a "Citywide" Special Event Permit was not required for the July 30, 2011 event. ("Citywide" is in quotes because the word was put in front of "Special Event Permit" by Defendant's executive branch to justify unequal treatment of applicants for such permits when their events do not take place on a citywide basis, even though the applicable legal authorities draw no such distinction.)

22. On November 17, 2010, Plaintiff applied to Defendant for a Facility and Park Use Permit and for approval of a SERA for a second new event, which did involve the consumption of alcohol, to be held on July 16, 2011. Except for the dates and the consumption of alcohol contemplated for the July 30, 2011 event, the applications for the July 16, 2011 event and the July 30, 2011 event were substantively identical.

23. On November 17, 2010, Plaintiff also applied for a Citywide Special Event Permit for the July 16, 2011 event.

24. On January 21, 2011, Defendant conditionally approved Plaintiff's Facility and Park Use Permit for the July 16, 2011 event.

25. On March 14, 2011, Plaintiff's SERA was denied for the July 16, 2011 event.

26. On March 18, 2011, Plaintiff appealed the denial of its SERA for the July 16, 2011 event.

27. On March 25, 2011, Plaintiff's appeal was denied on the grounds that the July 16, 2011 event was to be held during the summer moratorium.

28. Plaintiff is informed and believes and on that basis alleges that several special events took place (either wholly or partly) at Mission Bay Park between Memorial Day and

1  Labor Day in 2011, including the Rock n' Roll Marathon, the Kai Elua Outrigger Iron Canoe
2  Championships, the OMBAC Over-The-Line tournament.

3        29.    On August 25, 2011, Plaintiff filed a Facility and Park Use Permit application for
4  an event to be held on July 28, 2012 that does not involve alcohol.

5        30.    On August 25, 2011, Plaintiff filed a Facility and Park Use Permit application and
6  a Special Event Request Application with the Department of Park and Recreation for an event
7  to be held on July 14, 2012 that does involve alcohol.

8        31.    On August 29, 2011, Plaintiff filed a Special Event Permit application for the July
9  14, 2012 event.

10        32.    The "summer moratorium" described in this pleading was not and has never been
11  enacted by the San Diego City Council.

12        33.    Only the San Diego City Council has the legal authority to enact legislation on
13  Defendant's behalf.

### Jurisdiction, Venue, and Exhaustion of Remedies

15        34.    This Court has jurisdiction over this proceeding pursuant to Sections 1331 and
16  1361 of Title 28 of the U.S. Code because this pleading alleges violations of federal law and
17  seeks to compel Defendants to perform duties owed to Plaintiff, its members, and other
18  members of the public.

19        35.    Venue is proper in this Court under Section 1391(e) of Title 28 of the U.S. Code,
20  because a substantial part of the events or omissions giving rise to this proceeding were
21  committed in this judicial district.

22        36.    Plaintiff has satisfied each and every exhaustion-of-remedies requirement that
23  must be satisfied in order to maintain this proceeding. Alternatively, no exhaustion-of-remedies
24  requirement may be applied to Plaintiff.

25        37.    Plaintiff has a beneficial right and interest in Defendants' fulfillment of all their
26  legal duties, as alleged in this pleading.

**FIRST CLAIM:**
**Equal Protection**
**(Against All Defendants)**

38. Plaintiff incorporates by reference paragraphs 1 through 37 above.

39. The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution provides each person with the right to be treated equally under the law.

40. Plaintiff is a "person" entitled to the protections of the Fourteenth Amendment.

41. Each and every act herein alleged of Defendant, including its officers, agents, servants, employees, and persons acting at its behest or direction, was done and continues to be done under the color of state law.

42. Defendant's actions, policies, and practices violate the Equal Protection Clause of the Fourteenth Amendment of the Constitution.

43. Plaintiff has been treated disparately by Defendant.

44. As a direct and proximate result of Defendant's actions and policies, Plaintiff has suffered irreparable harm and has suffered monetary damages.

**Prayer**

FOR ALL THESE REASONS, Plaintiff respectfully prays for the following relief against Defendants (and any and all other parties who may oppose Plaintiff in this proceeding):

A. A judgment determining or declaring that Defendant has violated the rights of Plaintiff under the Fourteenth Amendment to the United States Constitution;

B. An injunction prohibiting Defendant from further violating the rights of Plaintiff under the Fourteenth Amendment to the United States Constitution in connection with Plaintiff's "Leisure Olympics" events;

C. General, special, compensatory, actual, presumed and/or nominal damages according to proof;

D. Attorneys' fees authorized under 42 U.S.C. § 1988 and/or any other applicable law;

E. Legal fees and costs as allowable by law; and

1     F.    Any and all further relief that this Court may deem appropriate.

2     Date: September 15, 2011.    Respectfully submitted,

3                                 BRIGGS LAW CORPORATION

4                    By:    s/ Cory J. Briggs

5                                 Attorneys for Plaintiff FreePB.org